IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | BK25-40270 |
| | ) | |
| MARK B. HOLTZEN, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

## Order Dismissing Case

THIS MATTER is before the court on the trial of the motion to dismiss (Doc. #29) and motion to convert (Doc. #30), filed by Tricia Holtzen. John A. Lentz appeared for the debtor Mark B. Holtzen. John F. Zimmer V and Elijah Poferl appeared for Tricia Holtzen. The debtor's case is dismissed because the debtor does not have stable or regular income to fund a Chapter 13 plan.

## Findings of Fact

The debtor filed this Chapter 13 case on March 27, 2025. His primary creditors are his former spouse, Tricia Holtzen, and the Internal Revenue Service.[1] Tricia Holtzen filed a priority claim of $211,811.61.[2] The claim arose out of the parties' dissolution of marriage. The proof of claim includes significant arrearages for spousal and child support, a property equalization judgment, and an attorney's fees judgment. After the petition was filed, the debtor's father, Don Holtzen, gratuitously paid his son's spousal and child support arrearages totaling $68,557.95.

Tricia Holtzen asserts the debtor is not eligible to be a debtor under Chapter 13 because the debtor's income is not sufficiently regular and stable to fund a Chapter 13 plan.[3] According to his schedules, the debtor has negative net income

---

[1] The IRS filed a claim for $88,565.89, including a priority claim of $33,847. The claim is based upon the debtor's actual unpaid income tax liabilities for 2015 and 2016 totaling $5,137.55. The balance of the claim is estimated as the debtor did not file various tax returns for 2019, 2020, 2021, 2022, 2023, 2024, and 2025.

[2] The debtor objected to the claim disputing the priority treatment and contending $138,539.31 is a general unsecured non-priority claim for division and equalization of marital property and for attorney's fees.

[3] Tricia Holtzen also seeks dismissal or conversion for cause under 11 U.S.C. § 1307, contending the case was filed in bad faith, the debtor did not timely file all pre-

of $3,027 per month. The debtor is employed by Blackbird Drones, a company owned by his father. The debtor's monthly gross income is $2,100. But he lives rent free in a home owned by his parents.[4] The debtor's parents also assist him, as necessary, by paying day to day living expenses.[5] His largest monthly expense is $2,723 for monthly alimony and child support.

In his pending but unconfirmed Chapter 13 plan, the debtor proposes to pay $375 per month.[6] He also intends to seek a modification (reduction) in his future support obligations from the state court.[7] The debtor testified his father agreed to pay the debtor's support obligations while the debtor sought the modification. "He will help me for a while." Don Holtzen testified similarly. He would pay his son's child support and alimony for an undefined time, "because he is my son". But when pressed, Don Holtzen did not and would not "commit" to pay support payments. In addition, the father's ability to pay support payments for the duration of a Chapter 13 plan is not clear. The debtor did not offer any evidence of Don Holtzen's income, assets, expenses, or ability to make all required future payments.

---

petition tax returns, and did not pay post-petition support obligations. The court does not find cause to convert or dismiss. Tricia Holtzen did not establish bad faith. She also did not give the debtor notice she was seeking dismissal for failure to file tax returns. And, as of the date of this order, the debtor appears to be current on all post-petition support obligations.

[4] The debtor lived in the house rent free for the last five years, including when he was married to Tricia Holtzen.

[5] The debtor testified he works forty hours per week for Blackbird Drones. Yet he earns $2,100 per month, which is less than he could earn as a full-time employee at almost any other job under Nebraska's minimum wage of $13.50 per hour. *See* Neb. Rev. Stat. § 48-1203. The debtor's employment by his father's company, rent free house, and receipt of living expenses raises questions about whether the debtor's income is understated. That said, even if he earned minimum wage, he would not have enough income to fund a Chapter 13 plan.

[6] The debtor's original plan called for no payments for past-due support because the debtor was going to seek to reduce his obligations. This plan was not confirmable because under Nebraska law, support is vested when it accrues and generally cannot be modified. *Gress v. Gress*, 596 N.W.2d 8, 13 (Neb. 1999); *Bowers v. Lens*, 648 N.W.2d 294, 299 (Neb. 2002).

[7] This court makes no findings as to the propriety of a modification. The debtor must show a material change in circumstances not contemplated when the divorce decree was entered. *See Brodrick v. Baumgarten*, 809 N.W.2d 799, 802 (Neb. Ct. App. 2011); *Collett v. Collett*, 707 N.W.2d 769, 773 (Neb. 2005). The state court judge found his earning capacity to be greater than his present income.

## Conclusions of Law

To be eligible to file a Chapter 13 case, the debtor must be "an individual with regular income." 11 U.S.C. § 109(e). An individual with regular income is defined as an individual "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title." 11 U.S.C. § 101(30). The "key statutory language is 'make payments'". *Tenney v. Terry (In re Terry)*, 630 F.2d 634, 635 (8th Cir. 1980). "Make payments" requires "the debtor's income sufficiently exceeds his expenses so that he can maintain a payment schedule". *Id.*

The debtor requires contributions from his father to make Chapter 13 plan payments. Caselaw varies regarding the extent to which contributions from family members can constitute regular and stable income. *Compare In re Sigfrid*, 161 B.R. 220, 221 (Bankr. D. Minn. 1993) ("contributions from family members may amount to regular income") *and In re Baird*, 228 B.R. 324, 329 (Bankr. M.D. Fla. 1999) ("simply because there is no legal obligation to continue the payments hardly proves absence of income for § 101(30) purposes"), *with In re Felberman*, 196 B.R. 678, 686 (Bankr. S.D.N.Y. 1995) (noting the general proposition, "gratuitous payments to a [Chapter 13] debtor by his relatives do not constitute regular income") *and In re Strong*, 661 B.R. 638, 647 (Bankr. C.D. Cal. 2024) (holding "there are no hard and fast standards" when considering the effect of contributions from family members).

We can set aside the issue whether gratuitous payments from family members should be considered income. The debtor did not establish the gratuitous payments were "stable" or "regular". To meet his burden the debtor must demonstrate the family member's "commitment to and their ability to fund debtor's Chapter 13 Plan". *In re Campbell*, 38 B.R. 193, 196 (Bankr. E.D.N.Y. 1984); *see also In re Norwood*, 178 B.R. 683, 691 (Bankr. E.D. Pa. 1995). In *Norwood*, the court found the evidentiary record "devoid of any relevant information" necessary to determine if the contributions were "sufficiently stable and regular so as to allow the Debtor to rely on them." *Id*. Norwood's family members agreed to assist him "as needed," but fell short of committing to funding the debtor for the duration of his plan. And no evidence was offered of the sources and amounts of the family member's income, or regarding their expenses and liabilities. The court in *Norwood* held, "In the absence of such information it is not possible to determine whether the contributions Debtor expects to receive from these family members may be considered sufficiently stable and regular for purposes of funding the Amended Plan." *Id*.

In this case, the debtor's father, at best, agreed to help his son as necessary until the state court modified the debtor's support obligations. But Don Holtzen did not commit to paying the debtor's child and spousal support throughout the duration of a Chapter 13 plan even if the state court denied a modification. In addition, there is no factual record to judge Don Holtzen's ability to fund his son's obligations throughout the entire Chapter 13 plan period. As in *Norwood*, the record is devoid of evidence as to his income, expenses, assets, and liabilities.

IT IS THEREFORE ORDERED, the debtor's Chapter 13 case is dismissed.

Dated: August 12, 2025

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge